PRATT, The ANN C.   See Case No. 409.

PRATT, The DAVID.   See Case No. 3,597.

---

## Case No. 11,379.

### PRAY et al. v. The RECOVERY.

[Bee, 393.] [1]

Admiralty Court, Pennsylvania. 1780.

PRIZE—VESSEL IN SIGHT—CLAIM OF SHARE—COMMISSION.

1. The right, under which a vessel in sight may claim a share of the prize taken by another vessel, is founded in a presumption of law, which supposes a vessel so in sight, and armed, and prepared for battle, to have induced a surrender.

2. A vessel not commissioned, must be considered as a mere merchantman.

HOPKINSON, J.

Job Pray and Aaron Stockholm engaged and took as prize, the brig Recovery, a vessel belonging to the enemy; the schooner Livingston, a vessel belonging to Robert Morris, the claimant, being in sight at the time of the capture. Pray and Stockholm were duly commissioned by congress to cruize as privateers against the enemy; but Kelly, the master of the Livingston, had no such commission. The counsel for the claimant urged, that it was a principle of law—that prizes taken by vessels not commissioned, inured to the sovereign power, and exhibited a transfer from congress, of all their title to any share in this prize to Robert Morris; empowering him to prosecute a claim, in the name of the United States, but for his own benefit. And the authorities cited in support of this doctrine were Carth. 474, and 12 Mod. 134. But neither of these authorities apply strictly to the present case. In the one, the prize was a wreck, stranded on the shore, and great part of the booty was taken on shore by the crews of vessels not commissioned; in the other, a vessel without a commission, took a prize, and carried her into a foreign port, where the captor sold her, and converted the money to his own use. In both cases, the booty was taken by persons not commissioned to take; no vessels duly commissioned assisting in, or being present at the time of the capture. But in the present case, the prize was in fact taken by vessels regularly authorized for the purpose, and the noncommissioned vessel only in sight at the time of the battle. In the

cases cited, no persons were present or assisting to whom the booty could be legally adjudged. Here the libellants, the real captors, were duly commissioned to take, and empowered by their commissions, and the resolves of congress, to possess and enjoy the property so legally taken. A vessel not commissioned must be considered as a mere merchantman; and according to Lee, 237. if a merchant vessel meets an enemy in the course of the voyage, and takes her, the prize shall belong to the captor; but if she goes out of her course to seek plunder, she may be deemed a pirate. Now, it is not pretended that the Livingston took the prize in question; on the contrary, it is in testimony, that she was running away whilst the libellants were engaged with the enemy; and now claims a share of the prize, as having been in sight at the time of the capture. The right under which a vessel in sight may claim a share of a prize taken, is founded in a presumption of law, which supposes a vessel so in sight, and armed, and prepared for battle, to have induced a surrender. A presumption of law is a legal indulgence, and ought to be strictly confined within the reason of the presumption. But no authority has been adduced to shew that this indulgence has been extended to a vessel not commissioned to take, unarmed, and flying from the scene of action. The Livingston cannot claim under the presumption of law, not being within the description; nor the United States under the general doctrine; because the prize was in fact taken by vessels duly authorized to take, which the Livingston was not. I adjudge, therefore, that the claim in this cause be dismissed, and that the brig Recovery be condemned as prize to the libellants.